[Civ. No. 10097. Third Dist. July 25, 1962.]

J. A. G. SMITH, Plaintiff and Appellant, v. ETHEL SHERMAN, Individually and as Administratrix, etc., Defendant and Respondent.

Joseph P. Van Den Berg for Plaintiff and Appellant.

Dwyer, King & Mering and W. P. Dwyer, Jr., for Defendant and Respondent.

PEEK, P. J.—Plaintiff appeals from portions of a judgment which denied him recovery on certain claims previously filed by him in the estate of L. E. Sherman, deceased, for sums allegedly due him pursuant to oral agreements with decedent.

Decedent was a licensed real estate broker who was active in promoting the construction of tract homes and multiple dwellings. In order to finance these projects, he would induce persons to invest various sums for which they would receive receipts representing proportionate shares, or interest, in the prospective profits to be derived from the sale of the improved properties. For some time prior to his death, decedent had employed plaintiff as a salesman.

The only evidence offered by plaintiff at the trial in support of his contentions, all of which was admitted over defendant's objections, was that in certain previous development projects dating back over a period of several years, plaintiff and decedent had split profits earned in the promotion of these ventures; that decedent had been overheard to tell plaintiff that he would be paid the sum of $2,250 as compensation for sales of investment units in one of the projects; that he had done certain technical work in the development of the plans and specifications; that he had acted in the nature of a liaison between the contractor and decedent; and that he had performed certain manual work on one of the projects.

Since we conclude that the investment units in the projects were securities within the meaning of the Corporate Securities Act, it would seem wholly unnecessary to discuss the evidence in greater detail or the validity of the objections thereto. Furthermore, since it was stipulated at the trial that no permit had been obtained from the Division of Corporations, nor were plaintiff or decedent licensed as brokers or agents, they there-

fore were *in pari delicto*, and hence plaintiff cannot recover compensation for the selling of the units or shares and the profits of the tainted ventures.

The projects in each case involved the construction of duplexes and private dwellings on tracts of land, and the sale of the completed units to the general public by decedent. The money to finance the developments was primarily obtained by the sale of the investment units to the public, which stipulated that the investor would be entitled to a designated share of any profit made in the project upon its completion in each instance. The investment units were evidenced by certain so-called deposit receipts given to the investor. It is not clear how many units were sold in each venture, except that by plaintiff's evidence at least 30 units, representing an investment of $15,000 by eight people, were sold in the Fruitridge Terrace project, investments totaling over $17,000 by five people in another, and $11,000 by six people in the third. It further appears that the investments were solicited by plaintiff, the master agreement in each case providing that decedent was to receive a share in the profits for his promotional work. It is half of this money which plaintiff is endeavoring to obtain in the first part of this action.

Although the trial court made no specific findings to that effect, a review of the above evidence convinces us that the deposit receipts were securities within the meaning of section 25008 of the Corporations Code in that each was a "certificate of interest in a profit-sharing agreement." (*People* v. *Rankin*, 169 Cal.App.2d 150 [337 P.2d 182]; *People* v. *Ferguson*, 134 Cal.App. 41 [24 P.2d 965]; *Rivlin* v. *Levine*, 195 Cal.App.2d 13 [15 Cal.Rptr. 587]; *People* v. *Sidwell*, 27 Cal.2d 121 [162 P.2d 913].) The investors contributed nothing but money to the project.

Plaintiff's sole argument on appeal is that his agreement to render services to decedent in exchange for a percentage of the net profit to be received by the firm from the ventures was not a security within the meaning of the Corporations Code, and therefore could not be in violation of the provisions of the act. However, this too narrowly confines the scope of the judgment. A more reasonable interpretation is that the deposit receipts were securities, the sale of which, absent a permit and a broker's license, violated sections 25500, 25700, 26103, and 26104 of the Corporations Code and plaintiff is therefore barred from the recovery of compensation

from the illegal venture because of his participation therein. (*Wells* v. *Comstock,* 46 Cal.2d 528 [297 P.2d 961] ; *Kennerson* v. *Salih Bros.,* 123 Cal.App.2d 371 [266 P.2d 871] ; *List* v. *Republic Bond etc. Co.,* 94 Cal.App. 549 [271 P. 529].)

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.